Case 2:22-cv-00040-BSM   Document 7   Filed 06/02/2

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS
Jun 02, 2022
Tammy H. Downs, Clerk
By: Kristy Rochelle D.C.
DEP CLERK

UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION

IN RE: FAMILY DOLLAR STORES, INC.,
PEST INFESTATION LITIGATION                                          MDL No. 3032

TRANSFER ORDER

**Before the Panel:**\* Plaintiff in one action (*Whitney*) moves under 28 U.S.C. § 1407 to centralize this litigation in the Western District of Tennessee or, alternatively, the Southern District of Mississippi. This litigation currently consists of seven actions pending in seven districts, as listed on Schedule A. Since the filing of the motion, the Panel has been notified of six related actions.[1]

All responding parties support centralization, but disagree on the transferee district. Plaintiffs in five actions on the motion and three potential tag-along actions support the motion to centralize these actions in the Western District of Tennessee or, alternatively, the Southern District of Mississippi. Plaintiffs in the Eastern District of Virginia action request centralization in the Eastern District of Virginia and suggest the Western District of Tennessee as their second choice. The Family Dollar defendants also support centralization in the Eastern District of Virginia in the first instance and, alternatively, the Western District of Tennessee.

On the basis of the papers filed and the hearing session held, we find that these actions involve common questions of fact, and that centralization in the Western District of Tennessee will serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation. These putative class actions present common factual questions arising from an FDA investigation into an alleged rodent infestation at the Family Dollar Distribution Center in West Memphis, Arkansas, in early 2022, and a subsequent voluntary recall by Family Dollar of potentially affected retail products at over 400 stores in six states.[2] The common factual questions

---

\* One or more Panel members who could be members of the putative classes in this litigation have renounced their participation in these classes and participated in this decision.

[1] These and any other related actions are potential tag-along actions. *See* Panel Rules 1.1(h), 7.1 and 7.2.

[2] The affected Family Dollar stores are located in Alabama, Arkansas, Louisiana, Mississippi, Missouri, and Tennessee. The recall, which applies to products shipped from the Family Dollar West Memphis Distribution Center from January 1, 2021 through February 18, 2022, includes "all: (i) drugs; (ii) medical devices; (iii) cosmetics; (iv) dietary supplements; and (v) human and

include: (1) whether defendants knew or should have known of the alleged rodent infestation; (2) the alleged health and safety risks to consumers; and (3) the proper measure of damages, if any.[3]  Centralization will eliminate duplicative discovery; prevent inconsistent pretrial rulings, including with respect to class certification and *Daubert* motions; and conserve the resources of the parties, their counsel, and the judiciary.

We conclude that the Western District of Tennessee is an appropriate transferee district for this litigation. Tennessee is one of the six states affected by the recall, and the Western District is near the West Memphis, Arkansas Distribution Center at the center of this litigation, where witnesses and other relevant evidence likely are located.  Plaintiffs in the majority of actions support centralization in this district, and it is the second choice of the Family Dollar defendants. Judge Sheryl H. Lipman, who presides over two of the actions at issue, is an experienced jurist, and has the willingness and ability to manage this litigation.  We are confident that she will steer this litigation on a prudent course.

IT IS THEREFORE ORDERED that the actions listed on Schedule A and pending outside the Western District of Tennessee are transferred to the Western District of Tennessee and, with the consent of that court, assigned to the Honorable Sheryl H. Lipman for coordinated or consolidated pretrial proceedings.

PANEL ON MULTIDISTRICT LITIGATION

_____
Karen K. Caldwell
Chair

| Nathaniel M. Gorton | Matthew F. Kennelly |
| David C. Norton | Roger T. Benitez |
| Dale A. Kimball | Madeline Cox Arleo |

---

animal (pet) food products."  *See* Company Announcement (Feb. 18, 2022) (available at: https://www.fda.gov/safety/recalls-market-withdrawals-safety-alerts/family-dollar-stores-issues-voluntary-recall-certain-fda-regulated-products-six-states-including).

[3] We deny defendants' request to recaption the MDL "In re: Family Dollar West Memphis Distribution Center Litigation."  There is no good cause to modify the existing title, which more effectively provides notice to the involved courts and the general public of the nature of the litigation.

IN RE: FAMILY DOLLAR STORES, INC.,
PEST INFESTATION LITIGATION                                              MDL No. 3032

## SCHEDULE A

<u>Southern District of Alabama</u>

BROWN, ET AL. v. FAMILY DOLLAR, INC., ET AL., C.A. No. 2:22−00105

<u>Eastern District of Arkansas</u>

BROWN v. FAMILY DOLLAR, INC., ET AL., C.A. No. 2:22−00040

<u>Western District of Louisiana</u>

FIELDS, ET AL. v. FAMILY DOLLAR, INC., C.A. No. 3:22−00611

<u>Southern District of Mississippi</u>

LACY, ET AL. v. FAMILY DOLLAR, INC., A NORTH CAROLINA CORPORATION, C.A. No. 3:22−00098

<u>Western District of Missouri</u>

PERRONE, ET AL. v. FAMILY DOLLAR, INC., C.A. No. 6:22−03056

<u>Western District of Tennessee</u>

WHITNEY v. FAMILY DOLLAR, INC., C.A. No. 2:22−02138

<u>Eastern District of Virginia</u>

SMITH, ET AL. v. FAMILY DOLLAR SERVICES, LLC, ET AL., C.A. No. 1:22−00208